UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------ x
WILFRED ROY ROBERTS,

        Petitioner,

  -against-

UNITED STATES OF AMERICA

        Respondent.

------------------------------------------------------------------ x

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

★★ AUG 06 2012 ★★

BROOKLYN OFFICE

**MEMORANDUM & ORDER**

CV 09-4378 (ENV)

**VITALIANO, D.J.**

Wilfred Roy Roberts is before this Court pro se on his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2255, asking the Court to vacate, set aside, or correct his sentence on the grounds that there was an error of law or fact that created a miscarriage of justice. Roberts argues that: (1) there was insufficient proof of his criminal history offered at sentencing and therefore his prior convictions should not have increased his sentence; (2) his sentence violated the Eighth Amendment protections against cruel and unusual punishment; and (3) his counsel was ineffective for failing to argue the two preceding points. For the reasons set forth below, Roberts's habeas petition is dismissed, and the writ is denied.

### BACKGROUND

Petitioner legally entered the United States from Jamaica in 1988. Between 1991 and 1993, Roberts was convicted of numerous crimes in the State of New Jersey.[1] Roberts was

---

[1] Roberts was previously convicted of: (1) possession of a controlled dangerous substance (marijuana), N.J. Stat. Ann. § 2C:35-10 (3/28/91); (2) possession of marijuana with intent to distribute, N.J. Stat. Ann. § 2C:35-5b(11) (3/28/91); (3) distribution of a controlled dangerous



1

paroled to the predecessor agency of Immigration and Customs Enforcement on January 14, 1997. He was subsequently deported to Jamaica due to his prior convictions. On August 16, 2005, Roberts attempted to illegally re-enter the United States using a falsified British passport. Following a jury trial, Roberts was convicted of: (1) attempted illegal reentry after deportation, in violation of 8 U.S.C. 1326(a) and (b)(2); (2) use of a fraudulent passport, in violation of 19 U.S.C. 1543; and (3) aggravated identity theft, in violation of 18 U.S.C. 1028(a)(1) and (b). In the instant petition, Roberts objects to the 144-month sentence resulting from these convictions.

As calculated by the United States Probation Office ("Probation Office") in the Pre-Sentence Report, under the United States Sentencing Guidelines ("the Guidelines"), Roberts's prior convictions amounted to a total of 24 criminal history points, establishing a criminal history category of VI. (PSR at 5-13.) Counts One and Two, attempted illegal reentry after deportation and use of a fraudulent passport, were grouped per U.S.S.G. §3D1.2(b) and carried a total offense level of 24 (PSR at 5-6.) Count Three, aggravated identity theft, carried a mandatory term of imprisonment of two years, to run consecutively to any other term of imprisonment imposed on the previous two counts. (PSR ¶ 23.) Based on the total offense level of 24 and a criminal history category of VI, the Guidelines recommended range was 100 to 125 months on Counts One and Two, plus a mandatory consecutive 24-month sentence on the aggravated identity theft count. (PSR ¶ 79.)

---

substance (cocaine), N.J. Stat. Ann. § 2C:35-5(a)(1), and resisting arrest, N.J. Stat. Ann. § 2C:29-2 (3/28/91); (4) possession with intent to distribute marijuana, N.J. Stat. Ann. § 2C:35-5b(11) (1/17/92); (5) possession of a controlled dangerous substance (cocaine), N.J. Stat. Ann. § 2C:35-10 (11/20/92); (6) distribution of a controlled dangerous substance (cocaine), N.J. Stat. Ann. § 2C:35-5(a)(1), and possession with intent to distribute, N.J. Stat. Ann. § 2C:35-5b(11) (6/11/93); (7) distribution of a controlled dangerous substance (marijuana), N.J. Stat. Ann. § 2C:35-5(a)(1) (6/11/93); and finally (8) unlawful possession of a weapon, N.J. Stat. Ann. § 2C:39-5(d) (6/11/93). (PSR at 6-13.)

Roberts was sentenced on November 17, 2006. After considering the Guidelines as well as the sentencing factors prescribed by 18 U.S.C. §3553, the Court sentenced Roberts to 120 months incarceration on Count One; a concurrent term of 100 months on Count Two; and a consecutive term of 24 months on Count Three, totaling 144 months.

Roberts's trial counsel filed a notice of appeal with the Second Circuit and promptly filed an Anders brief, asking the Circuit to relieve him from his responsibilities as counsel due to a lack of non-frivolous grounds for appeal. The Anders brief was accepted and petitioner's direct appeal was dismissed on January 13, 2009.

## STANDARD OF REVIEW

Federal district courts are authorized by § 2255 to entertain an application for a writ of habeas corpus brought by "a prisoner in custody under sentence of a court . . . claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . or is otherwise subject to collateral attack. . . ." 28 U.S.C. § 2255(a). Collateral relief from a final criminal judgment is available only "for a constitutional error, a lack of jurisdiction in the sentencing court, or an error of law or fact that constitutes 'a fundamental defect which inherently results in a complete miscarriage of justice.'" United States v. Bokun, 73 F.3d 8, 12 (2d Cir.1995) (quoting Hill v. United States, 368 U.S. 424, 428 (1962)). Because Roberts is proceeding pro se, "his petition will be construed liberally and interpreted to raise the strongest arguments it suggests." Paez v. U.S., Nos. 11-CV-2688, 08-CR-0823–03, 2012 WL 1574826, at *1 (S.D.N.Y. May 3, 2012) (citing Graham v. Henderson, 89 F.3d 75, 79 (2d Cir.1996)).

3

## DISCUSSION

### A. Evidence of Prior Convictions

Roberts first targets the PSR for attack because it failed to "cite any [court cases] or docket numbers" for each of his eight prior convictions. (Pet. at 3.) Roberts does not dispute the existence or validity of any of his prior convictions, but, rather, asserts that the PSR did not sufficiently evidence their existence, at least such that it did not "meet an empirical standard beyond a reasonable doubt." (Pet. Reply at 5). Therefore, so goes his argument, the sentence should be vacated or corrected.

Naturally, and contrary to Roberts's assertions, prior convictions need not be proven beyond a reasonable doubt for the purposes of sentencing. A preponderance of the evidence is all that is needed. United States v. Juwa, 508 F.3d. 694, 701 (2d Cir. 2007) ("facts relevant to sentencing must be found by a preponderance of the evidence") (citing United States v. Vaughn, 430 F.3d 518, 525 (2d Cir. 2005) ("district courts' authority to determine sentencing factors by a preponderance of the evidence endures and does not violate the Due Process Clause of the Fifth Amendment.")); United States v. Concepcion, 983 F.2d 369, 388 (2d Cir.1992)). That standard was more than adequately met by the PSR's recitation from local court records of the Morris County Superior Court and other official reports and records from the New Jersey State Corrections Department, among other official records. These sources are entirely proper and sufficient to establish petitioner's prior convictions. As the Second Circuit has made clear, "the government may discharge [its burden to establish prior convictions] by any relevant evidence having sufficient indicia of reliability." United States v. Brown, 52 F.3d 415, 425 (2d Cir. 1995) (holding that a federal district court could rely on a PSR whose criminal history section was based on a state presentence report prepared in connection with one of the defendant's prior state

4

convictions). What's more, in a form over substance argument at the extreme, even now petitioner does not claim that the record of convictions used to compute his criminal history's Guidelines calculations category was inaccurate in any way. Accordingly, the Court's reliance on the PSR was proper, and petitioner's claim that there was insufficient evidence of his prior convictions fails.

## B. Eighth Amendment Claim

Roberts claims that the application of the Guidelines in his case amounted to cruel and unusual punishment proscribed by the Eighth Amendment because it "increase[ed] his time of incarceration" without "showing [a] contribution to any acceptable goals" since the Court considered "all and any past criminal convictions, regardless of [their] similarity or common relationship . . . with the current instant offense." (Pet. Reply at 5.) Specifically, petitioner claims that U.S.S.G. § 2L1.2 is unconstitutional because it provided for a 16-level increase in the offense level based on prior convictions that were unrelated to the current offense.[2] Petitioner also argues that his sentence was "grossly out of proportion to the severity of the crime." (Pet. at 4.) As explained below, Roberts's claims do not withstand scrutiny.

For a sentence to run afoul of the Eighth Amendment, it must be "grossly disproportionate to the crime." United States v. Snype, 441 F.3d 119, 152 (2d Cir. 2006) (citations omitted). "[O]utside the context of capital punishment, successful challenges to the proportionality of particular sentences have been exceedingly rare.'" Snype, 441 F.3d at 152 (internal quotations omitted). "In non-capital cases, the Eighth Amendment encompasses, at most, only a narrow proportionality principle." U.S. v. Brant, 62 F.3d 367, 368 (11th Cir. 1995)

---

[2] Guideline 2L1.2(b)(1)(A)(i) increased petitioner's offense level by 16 points on Count One because he was deported following a felony conviction for a drug-trafficking offense. (PSR ¶ 12.)

5

(citing Harmelin v. Michigan, 501 U.S. 957, 111 S. Ct. 2680, 115 L.Ed.2d 836 (1991)). "It is well settled that a prison sentence cannot be found to violate the Eighth Amendment prohibition on cruel and unusual punishment by virtue of its length so long as it falls within the established statutory range covering the crime[s] of conviction." Parnell v. Lape, 791 F. Supp. 2d 319, 332 (citing White v. Keane, 969 F.2d 1381, 1383 (2d Cir.1992)). Because Roberts's sentence was well within the statutory range for each of his crimes, the sentence did not violate the Eighth Amendment. Additionally, based on the record, the Court considered the relevant factors under § 3553(a) and followed its admonition to impose a sentence that was "no greater than necessary." Plainly, the sentence was constitutional; it was not even at the highest end of the applicable Guidelines range. It was also appropriate.[3]

## C.     Ineffective Assistance Claim

Petitioner claims that his trial counsel was ineffective for failing to raise the arguments the Court rejects above. The ineffective assistance claim is a nonstarter as a result. For ineffective assistance of trial counsel claims under §2255, Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052, 80 L.Ed.2d 674 (1984), controls and makes clear that "the proper standard for attorney performance is that of reasonably effective assistance." Id., 466 U.S. at 687, 104 S. Ct. at 2064. As set forth in Strickland, to establish ineffective assistance of trial counsel, a habeas petitioner must "(1) demonstrate that his counsel's performance fell below an objective standard of reasonableness in light of prevailing professional norms; and (2) affirmatively prove

---

[3] Furthermore, Roberts's specific challenge to U.S.S.G. § 2L1.2 is without any legal merit, as offense level enhancements based on prior convictions under that provision are clearly permissible. See United States v. Pereira, 465 F.3d 515, 522 (2d Cir. 2006) ("It is well-established in this Circuit that a district court does not err when it uses a prior offense to calculate both the offense level and the criminal history category to determine the correct Guidelines range in unlawful reentry cases."); see also Cuevas v. United States, Nos. 07 Civ. 10635, 06 CR 250, 2008 WL 2117597, at *5 (S.D.N.Y. May 15, 2008).

6

prejudice arising from counsel's allegedly deficient representation." Carrion v. Smith, 549 F.3d 583, 588 (2d Cir.2008) (citations omitted). To establish subpar performance, a habeas petitioner must overcome the "strong presumption that counsel's performance falls within the wide range of reasonable professional assistance." Brown v. Greene, 577 F.3d 107, 110 (2d Cir.2009) (citations omitted). The presumption is overcome only if "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Strickland, 466 U.S. at 687, 104 S. Ct. at 2064.

Roberts cannot meet even the first prong of the Strickland test. His trial counsel can hardly be faulted for failing to pursue at sentencing the legally unsupported, futile arguments that petitioner raises now. See, e.g., Narducci v. United States, No. 3:99 CR 248, 2003 WL 21488716, at *2 (D. Conn. Jun. 23, 2003) (counsel not ineffective for failure to object to PSR's criminal history or for failure to ask government for additional proof of defendant's prior convictions in the form of certified copies of conviction, because such requests would have been frivolous); Rodriguez-Quezada v. United States, Nos. 06 Cr. 188, 08 Civ. 5290, 2008 WL 4302518, at *2 (S.D.N.Y. Sept. 15, 2008) (counsel not ineffective for failing to argue that U.S.S.G. § 2L1.2 impermissibly raised offense level based on prior convictions because, inter alia, the Second Circuit had rejected that argument); Williams v. United States, No. 07 CV 1804, 2012 WL 1116403, at *14 (E.D.N.Y. Mar. 30, 2012) (counsel not ineffective for failure to pursue frivolous or non-meritorious claims). Accordingly, Roberts's claim of ineffective assistance of counsel for failing to make legal arguments found here to be meritless is itself wholly without merit. Finally, reviewing the record beyond petitioner's claims of error, there is nothing that would remotely suggest any other ground that would support relief under § 2255.

## CONCLUSION

7

For the foregoing reasons, the petition for habeas corpus filed by Wilfred Roy Roberts is dismissed and the writ is denied. Additionally, as petitioner makes no substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. 28 U.S.C. § 2253. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444–5, 82 S. Ct. 917 (1962).

The Clerk of Court is directed to enter judgment and to close this case.

**SO ORDERED.**

Dated:   Brooklyn, New York
        July 31, 2012

ERIC N. VITALIANO
United States District Judge